UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEANINE L JACKSON,

        Appellant,

        v.                                                  Case No. 24-cv-0599-bhl

PATRICK S LAYNG,

        Appellee.

## ORDER

      On May 14, 2024, Appellant Jeanine L. Jackson filed a "NOTICE OF APPEAL-Interlocutory," seeking review of a May 7, 2024 bankruptcy court discovery order. (ECF No. 1.) A few days later, on May 17, 2024, Jackson clarified that she is seeking leave to file an interlocutory appeal of that discovery order. (ECF No. 3.) Jackson has also asked for leave to appeal *in forma pauperis* (IFP). (ECF No. 2.) And she seeks a stay of the underlying bankruptcy court adversary proceeding from which the discovery order arises. (ECF No. 4.) For the reasons stated below, the Court will grant Jackson's request to proceed IFP but deny her request to proceed with an interlocutory appeal. Her request for a stay is denied as moot.

### IFP Motion

      The Court has the authority to allow a debtor to proceed with an appeal from a ruling in an adversary proceeding without prepaying the appellate filing fee. *See* 28 U.S.C. § 1930(f)(3).; *In re Richmond*, 247 F. App'x 831, 832 (7th Cir. 2007) (relying on Section 1930(f)(3) to conclude that "district courts clearly have the authority to allow creditors to proceed in forma pauperis"). Whether to waive the fee is discretionary. *See Matter of Ali*, Case No. 18-25548-gmh, 2018 WL 3323875, at *1 (Bankr. E.D. Wis. July 5, 2018) (citation omitted); § 1930(f)(2) ("[T]he district court…*may* waive the filing fee…." ) (emphasis added). *See also In re Merritt*, 186 B.R. 924, 931 (S.D. Ill. 1995) (applying 28 U.S.C. § 1915(d) to appeal from adversary bankruptcy proceeding).

      Jackson reports that her average monthly income over the last twelve months has totaled $2,159, including amounts from employment ($900), self-employment ($900), food stamps

($297), and Bankruptcy Petition Preparer fees ($62). (ECF No. 2 at 2.) She indicates this income is expected to decrease because her seasonal job at Jackson Hewitt ended April 15, 2024, and for the next month she only expects to receive $900. (*Id.*) Jackson further reports the following assets and liabilities: $100 in cash, $80 in a PayPal account, negative $5.50 in her net spend checking account, and a 2010 Hyundai Sonata, valued at $850. (*Id.* at 3.)

Against these resources, Jackson reports monthly expenses for utilities ($257), home maintenance ($60), food ($297), clothing ($50), laundry ($25), transportation ($80), renter's insurance ($25), car payments ($397), credit card payments ($55), pet and cleaning expenses ($150), and business operation expenses ($400), for a total of $1,796 in monthly expenses. (*Id.* at 5.) Jackson's twenty-four-year-old daughter also relies on her for support. (*Id.* at 4.)

On this record, the Court finds it would be sufficiently burdensome for Jackson to pay the $298 filing fee and the Court will therefore grant her request to appeal IFP.

## PROCEDURAL HISTORY

On June 8, 2023, the United States Trustee initiated an adversary proceeding against Jackson for alleged violations of 11 U.S.C. § 110, a provision of the bankruptcy code that imposes a penalty on persons who negligently or fraudulently prepare bankruptcy petitions. The adversary complaint asks the Court to fine Jackson and permanently enjoin her from acting as a bankruptcy petition preparer. (Bankruptcy Case No. 23-02067-rmb ("Bankr. Dkt" ECF No. 1.)) After some initial skirmishing over the pleadings, the bankruptcy court denied Jackson's motion to dismiss and, on October 20, 2024, entered a scheduling order, which it later amended at Jackson's request. (Bankr. Dkt Nos. 37 & 59.)

On March 20, 2024, the Trustee filed a motion to compel. (Bankr. Dkt. No. 63.) The Trustee argued that Jackson had failed to respond properly to a number of written discovery requests and thus sought an order compelling her to answer the requests more fully. (*Id.* at 2.) Jackson had provided written responses to the Trustee's requests for production and interrogatories, but the Trustee was not satisfied with her responses. (*See* Bankr. Dkt. No. 63 at 2.) On March 29, 2024, Jackson responded to the Trustee's motion to compel, arguing that her answers were indeed proper "considering discovery is still ongoing." (Bankr. Dkt. No. 73 at 6.) The Bankruptcy Court held a hearing on the Trustee's motion on April 3, 2024 but Jackson failed to appear. (*See* Bankr. Dkt. No. 75; Bankr. Dkt. No. 80 at 1.) On the day after the hearing, the Bankruptcy Court entered an order granting the Trustee's motion but only in part and ordered

Jackson to provide full and complete answers to several interrogatories and to produce documents in response to just two of the requests for production. (Bankr. Dkt. No. 80.)

On April 17, 2024, in response to the Bankruptcy Court's Order, Jackson provided the Trustee with a set of revised discovery responses and additional documents. (Bankr. Dkt. No. 88.) The Trustee was not satisfied with these responses either, and, on April 19, 2024, filed a motion for discovery sanctions. (Bankr. Dkt. No. 91.) The Trustee argued that Jackson had failed to comply with the Bankruptcy Court's order and asked that Jackson be barred from introducing certain documents at trial and that the court deem certain facts true for purposes of trial. (*Id.*) A few days later, on April 23, 2024, Jackson provided a further revised set of responses. (Bankr. Dkt. No. 96.)

On May 7, 2024, the Bankruptcy Court granted the Trustee's motion for sanctions, but again did so only in part. (Bankr. Dkt. No. 108.) The Bankruptcy Court overruled Jackson's objections to making a more fulsome production, explaining that as long as any requested documents were relevant and unprivileged, Jackson was obligated to produce them. (*Id.* at 3–4.) The court further explained that because Jackson had multiple opportunities to provide the Trustee with those documents during discovery but had failed to do so, she could not introduce at trial any additional documents related to her (unsatisfactory) responses to the Trustee's requests. (*Id.* at 4–7.)

The Bankruptcy Court declined to impose sanctions based on the Trustee's complaints about Jackson's responses to several other interrogatories. (*Id.* at 8.) For interrogatory numbers 4–9 and 11–14, the court explained that Jackson had filed five additional responses after the court-imposed deadline. (*Id.* at 8–9.) And, while those responses were "almost certainly unsatisfying" to the Trustee, Jackson had sufficiently outlined why she did not admit each request for admission and the Trustee already had a remedy under the federal rules for Jackson's failure to admit facts that are later proven true. (*Id.*) With respect to interrogatory number ten, which requested all facts on which Jackson based her denial to a response for admission, the Bankruptcy Court declined to sanction Jackson because the requested admission was too broad. (*Id.* at 11.) Finally, for the remaining interrogatory—also tied to a request for admission, that Jackson continued to prepare bankruptcy petitions after the Trustee sought an injunction against her—the Bankruptcy Court took judicial notice of that fact. (*Id.* at 11–12.)

Jackson then filed her appeal in this Court. (ECF Nos. 3 & 4; Bankr. Dkt. No. 117.)

### INTERLOCUTORY APPEAL

Under 28 U.S.C. § 158(d), this Court has jurisdiction over all bankruptcy appeals from "final decisions, judgments, orders, and decrees." The Court also has the jurisdiction to hear bankruptcy appeals "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. §§ 158(a)(3), 158(d); *see also* Fed. R. Bankr. P. 8004. Section 158(d)'s finality provision is virtually identical to Section 1292(b), which governs interlocutory appeals from the district court to the court of appeals. Accordingly, district courts apply the same standards to requests for interlocutory appeals from the bankruptcy court. *See In re Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D. Wis. 2012). Under this well-established standard, interlocutory appeals are appropriate only if there is a (1) controlling (2) question of law over which there is a substantial ground for a difference of opinion and (3) an immediate appeal could materially advance the litigation. *Id.*; 28 U.S.C. § 1292(b). All requirements must be satisfied. *See Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

Jackson's appeal does not satisfy these requirements. She seeks review of a discovery order, which is inherently fact-driven and not based an underlying proposition of law, suitable for resolution on interlocutory review. Nor has Jackson identified any question of controlling law sufficient to warrant or trigger an interlocutory appeal. *See* 28 U.S.C. § 1292. The opposite is in fact true. Courts have long recognized that sanctions orders, like the one challenged here, cannot remain completely separate from the merits of a case and are thus not immediately appealable. *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 205 (1999). The Seventh Circuit has also been clear that allowing interlocutory of discovery orders is discouraged because doing so would result in significant delays and costs to the judicial system. *See Reise v. Board of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992) ("It is too late in the day to waste words explaining why interlocutory orders, and discovery orders in particular, are not appealable despite their irreversible costs.").

Jackson's request for an interlocutory appeal is therefore denied. If she chooses, Jackson may obtain full review of the discovery order, but she must do so on appeal of a final order from the Bankruptcy Court resolving her adversary proceeding. *See id.* Given this resolution, Jackson's motion to stay bankruptcy proceedings is also denied as moot. *See* 28 U.S.C. § 158.

Accordingly,

**IT IS HEREBY ORDERED** that Jackson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Jackson's motion for leave to file interlocutory appeal, ECF No. 1, is **DENIED**, and the Clerk is directed to close the case.

**IT IS FURTHER ORDERED** that Jackson's motion to stay proceedings, ECF No. 4, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge